## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

-------------------------------------------------------

| | | |
|---|---|---|
| AMY EDMONSTON, *individually and* | : | |
| *on behalf of all others similarly situated* | : | |
| 36 W 5th Street | : | CIVIL NO. _____ |
| Alburtis, PA 18011 | : | |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| FAIRWAY INDEPENDENT | : | |
| MORTGAGE CORPORATION | : | |
| 4750 South Biltmore Lane | : | |
| Madison, WI 53718 | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Amy Edmonston ("Plaintiff"), by and through her undersigned

attorney, hereby brings this action against Defendant Fairway Independent

Mortgage Corporation ("Defendant"), alleges, upon personal belief as to her own

acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint contending that Defendant unlawfully

failed to pay her and other similarly situated individuals employed in the position

of Licensed Loan Originator Assistant or in positions with similar job duties

("Class Plaintiffs") regular wages and overtime compensation pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania

Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*[1]

    2.     Plaintiff was an employee of Defendant employed in the position of

Licensed Loan Originator Assistant.  Plaintiff and Class Plaintiffs regularly

worked/work more than forty (40) hours per week, but were not / are not properly

compensated for their work in that Plaintiff and Class Plaintiffs were not / are not

paid an overtime premium at 1.5 times their regular rate of pay for each hour

worked in excess of forty (40) hours in a workweek.  Additionally, Defendant

failed/fails to accurately track and pay Plaintiff and Class Plaintiffs for all hours

worked.  Accordingly, Plaintiff contends that she and Class Plaintiffs are/were

owed unpaid wages and overtime compensation which was denied to them as a

result of Defendant's unlawful pay practices.

    3.     Plaintiff brings this action as a representative action under the FLSA

and PMWA for monetary damages and penalties, to seek redress for Defendant's

willful, unlawful, and improper conduct.

---

[1] Plaintiff, on an individual basis, is also filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which will be dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), and the Pennsylvania Human Relations Act ("PHRA").  Plaintiff may seek to amend this Complaint to add her Title VII, EPA, and PHRA claims upon administrative exhaustion.

**JURISDICTION AND VENUE**

4.      This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.      Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as, upon information and belief, Defendant conducts business throughout the Commonwealth of Pennsylvania and maintains multiple office locations within the Commonwealth of Pennsylvania in Allentown, Camp Hill, Canonsburg, Erie, Lancaster, Mechanicsburg, State College, and White Oak.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business herein and a substantial part of the unlawful practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9.      Plaintiff Amy Edmonston currently resides at 36 W 5th Street, Alburtis, PA 18011.

10.     Upon information and belief, Defendant Fairway Independent Mortgage Corporation is a for-profit corporation incorporated in Texas and headquartered in Madison, Wisconsin.

11.     Upon information and belief, Defendant conducts business operations throughout the Commonwealth of Pennsylvania, with places of business located in Allentown, Camp Hill, Canonsburg, Erie, Lancaster, Mechanicsburg, State College, and White Oak.

12.     Upon information and belief, Defendant operates places of business located at 3500 Winchester Road, Suite 100, Allentown, PA 18104.

13.     Upon information and belief, Defendant operates nationwide with branches in every state.

14.     Defendant is a "private employer" and covered by the FLSA.

15.     Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000, and had multiple employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16.     Plaintiff and, upon information and belief, Class Plaintiffs were/are employees who were/are engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were/are employees entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

17.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

19.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

20.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Licensed Loan Originator Assistant, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis

and denied regular wages for hours actually worked and/or denied overtime compensation based on their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that she and Class Plaintiffs were denied wages and overtime compensation due to Defendant's policy and practice of instructing employees to not report all hours worked, declining to pay employees for all hours worked, and declining to pay employees at an overtime rate for all hours worked in excess of forty (40) per workweek.

21.    Plaintiff estimates that there are in excess of forty (40) other similarly situated Licensed Loan Originator Assistants, including those who either are working or worked for Defendant in the Commonwealth of Pennsylvania, who were unlawfully denied wages and overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22.    Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied regular wages and overtime compensation at

their regular rate of pay as a result of Defendant's unlawful pay practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs wages for all hours worked and an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

23.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

24.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

25.      Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point
> during the past three (3) years in the position of Licensed Loan

Originator Assistant who were paid on an hourly rate basis and denied regular wages and overtime compensation for work performed in excess of forty (40) hours in a workweek.

26.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

27.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

  a.  Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

  b.  Whether Plaintiff and the Class were based in Pennsylvania for purposes of coverage under the PMWA;

  c.  Whether Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and the Class;

  d.  Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

  e.  Whether Defendant failed to pay Plaintiff and the Class for all hours worked;

  f.  Whether Defendant failed to pay Plaintiff and the Class overtime compensation for hours worked in excess of forty (40) per week; and

g.  Whether Plaintiff and the Class have suffered and are entitled to

damages, and if so, in what amount.

28.    Plaintiff's claims are typical of the claims of the Class members.

Plaintiff was an employee of Defendant employed in the positions of Licensed

Loan Originator Assistant who has suffered similar injuries as those suffered by

the Class members as a result of Defendant's failure to pay wages and overtime

compensation.  Defendant's conduct of violating the PMWA has affected Plaintiff

and the Class in the exact same way.

29.    Plaintiff will fairly and adequately represent and protect the interests

of the Class.  Plaintiff is similarly situated to the Class and has no conflict with the

Class members.

30.    Plaintiff is committed to pursuing this action and has retained

competent counsel experienced in class action litigation.

31.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules

of Civil Procedure, this action is properly maintained as a class action because:

a.  The prosecution of separate actions by or against individual members

of the Class would create a risk of inconsistent or varying adjudication

with respect to individual members of the Class that would establish

incompatible standards of conduct for Defendant;

b.  Defendant, by failing to pay wages and overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

c.  The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class

members could create a risk of inconsistent and varying adjudications, establish

incompatible standards of conduct for Defendant, and/or substantially impair or

impede the ability of each member of the Class to protect his or her interests.

## FACTUAL ALLEGATIONS

33.     The preceding paragraphs are hereby incorporated by reference as

though the same were fully set forth at length herein.

34.     Plaintiff began her employment with Defendant on or about June 29,

2016 in the role of Licensed Loan Originator Assistant ("LLOA").

35.     Throughout her employment with Defendant, Plaintiff worked in

Defendant's Allentown office located at 3500 Winchester Road, Suite 100,

Allentown, PA 18104.

36.     Plaintiff worked for Defendant until on or about June 20, 2022.

37.     Upon information and belief, Defendant employs or has employed at

least forty (40) Licensed Loan Originator Assistants during the past (3) years, a

large percentage of which are/were based in and/or perform/performed significant

services for Defendant within the Commonwealth of Pennsylvania.

38.     In her role as LLOA, Plaintiff was classified as non-exempt and paid

at an hourly rate of twenty-six dollars and forty-four cents per hour ($26.44/h).

39.     Upon information and belief, Defendant likewise pays/paid Class

Plaintiffs at the same or similar hourly rate.

40.    Defendant paid/pays Plaintiff and, upon information and belief, Class Plaintiffs, additional compensation in the form of incentive and referral bonuses. However, this did not/ does not relieve Defendant of the obligation to pay Plaintiff and Class Plaintiffs wages for all hours worked and overtime compensation for all hours worked in excessive of forty (40) each workweek.

41.    Plaintiff worked an average of sixty (60) to seventy (70) hours per workweek in her position with Defendant, and upon information and belief, Class Plaintiffs work/worked the same or similar ours each workweek.

42.    However, Defendant did not/ does not compensate Plaintiff and, upon information and belief, Class Plaintiffs, for all hours worked.

43.    Additionally, Defendant did not/ does not pay Plaintiff and, upon information and belief, Class Plaintiffs, at a rate of one-and-one-half (1.5) times their regular hourly rate when they worked more than forty hours in a workweek.

44.    Defendant's Branch Manager of its Allentown, PA office, Michael Mann ("Mr. Mann"), instructed Plaintiff not to report all the hours she worked when filling out her timesheets.

45.    Specifically, Mr. Mann required Plaintiff only report that she worked approximately forty (40) hours per workweek despite knowing Plaintiff was working significantly more than forty (40) hours per workweek.

46.     As a result, Plaintiff was denied wages paid at an overtime rate for all such hours that Plaintiff worked but was instructed not to report.

47.     Upon information and belief, Defendant maintains a policy and practice requiring Class Plaintiffs only report they are working up to approximately forty (40) hours per workweek even when they work more than forty (40) hours per workweek.

48.     Moreover, even when Plaintiff and, upon information and belief, Class Plaintiffs, reported/report working more than forty (40) hours per workweek, Defendant failed/fails to pay Plaintiff and Class Plaintiffs at the required overtime rate of one-and-one-half (1.5) times their regular hourly rate, thus denying Plaintiff and Class Plaintiffs overtime compensation.

49.     Additionally, approximately one (1) weekend per month, Defendant assigned/assigns Plaintiff and, upon information and belief, Class Plaintiffs, to work as on-call support for Loan Officers, whereby they performed/perform work on behalf of Defendant.

50.     However, Defendant did not/ does not compensate Plaintiff and, upon information and belief, Class Plaintiffs, at all for hours they worked during these weekend shifts.

51.    Defendant is not a retail or service establishment and therefore does not qualify for the exemption to the FLSA's wage and overtime provisions set forth at 29 U.S.C. § 207(i).

52.    There are no other exemptions under the FLSA and/or PMWA which could be potentially applicable to Plaintiff or Class Plaintiffs.

53.    Accordingly, Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant.

54.    Defendant failed/fails to pay Plaintiff and, upon information and belief, Class Plaintiffs, at a rate of at least 1.5 times their "regular rate" of pay for each hour they worked/work in excess of forty (40) hours in a workweek.

55.    In fact, Defendant did not/ does not compensate Plaintiff and, upon information and belief, Class Plaintiffs, at all for hours they worked/work in excess of forty (40) hours per workweek and hours worked during weekends.

56.    Defendant was/is aware that Plaintiff and Class Plaintiffs continually and regularly worked/work more than forty (40) hours per workweek, and that Plaintiff and Class Plaintiffs were not/ are not compensated for all hours worked, including work performed in excess of forty (40) hours per week.

57.    Additionally, Defendant failed/fails to accurately track and/or record all hours Plaintiff and Class Plaintiffs worked/work, in violation of the FLSA and the PMWA.

58.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201**, *et seq.*
FAILURE TO PAY WAGES & OVERTIME COMPENSATION &
FAILURE TO TRACK/RECORD HOURS WORKED

59.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

60.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

61.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

62.     Per the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of forty (40) hours per week, in violation of the FLSA.

63.     Additionally, Defendant failed to accurately track and/or record the hours Plaintiff and Class Plaintiffs worked, as required by Section 211 of the FLSA.

64.     As a result, Defendant also failed to pay Plaintiff and Class Plaintiff wages for all hours actually worked, in violation of the FLSA.

65.     The foregoing actions of Defendant and the policies and practices of Defendants violate the FLSA.

66.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

67.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Licensed Loan Originator Assistant, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant

during the liability period, but were not paid for all hours worked or overtime

compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C.  Adjudicating and declaring that Defendant's conduct as set forth

herein and above is in violation of the FLSA;

  D.  Adjudicating and declaring that Defendant violated the FLSA by

failing to pay wages and overtime compensation to Plaintiff and Class Plaintiffs for

all compensable hours worked including those excess of forty (40) hours per week;

  E.  Awarding Plaintiff and Class Plaintiffs back pay wages and/or

overtime wages in an amount consistent with the FLSA;

  F.  Awarding Plaintiff and Class Plaintiffs liquidated damages in

accordance with the FLSA;

  G.  Awarding Plaintiff and Class Plaintiffs reasonable attorney's fees and

all costs of this action, to be paid by Defendant, in accordance with the FLSA;

  H.  Awarding pre- and post-judgment interest and court costs as further

allowed by law;

  I.  Granting Plaintiff and the Class Plaintiffs leave to add additional

Plaintiffs by motion, the filing of written opt-in consent forms, or any other method

approved by the Court; and

  J.  For all additional general and equitable relief to which Plaintiff and

the Class Plaintiffs may be entitled.

17

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY WAGES & OVERTIME COMPENSATION & FAILURE TO TRACK/RECORD HOURS WORKED

68.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

69.     The PMWA provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

70.     The PMWA further provides, "Every employer shall pay to each of his or her employe[e]s wages for all hours worked . . . ." See 43 P.S. § 333.104.

71.     The PMWA further provides that "employe[e]s shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See id.

72.     The PMWA further provides: "Every employer of employe[e]s shall keep a true and accurate record of the hours worked by each employe[e] and the wages paid to each[.]"  See 43 P.S. § 333.108.

73.     By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay wages and overtime compensation and failing to accurately track and/or record the hours Plaintiff and Class Plaintiffs worked.

74.    As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.    An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.    An award to Plaintiff and Class Plaintiffs for the amount of unpaid wages and overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.    An award to Plaintiff and Class Plaintiffs reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _/s/ Michael Murphy, Esq._

Michael Murphy, Esquire
Jake Daniel Novelli, Esquire
1628 John F. Kennedy Blvd, Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054   ‖   FAX: 215-525-021
murphy@phillyemploymentlawyer.com
jnovelli@phillyemploymentlawer.com

Dated: November 9, 2022                     _Attorneys for Plaintiff_

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiff's employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.